# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| LARRY NELSON and DREW NELSON, individually and collectively d/b/a Dynamix Golf, | ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION FILE NO. ) _____ ) |
| v. | ) JURY TRIAL DEMANDED ) |
| TruGolf, Inc.; Fictitious Defendants 1-3, | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

Plaintiffs Larry Nelson and Drew Nelson, individually and collectively doing business as Dynamix Golf, file this Complaint for Damages and Demand for Jury Trial against Defendants TruGolf, Inc. and Fictitious Defendants 1-3, respectfully showing the Court as follows.

### Parties, Jurisdiction, and Venue

1.

This is a diversity action seeking recovery for breach of contract, fraudulent misrepresentation, and tortious interference with business relations. The claims in this complaint are brought under the substantive laws of Georgia.

2.

Plaintiff Larry Nelson is a resident of Georgia, and he subjects himself to the venue and jurisdiction of this Court.

3.

Plaintiff Drew Nelson is a resident of Georgia, and he subjects himself to the venue and jurisdiction of this Court.

4.

Plaintiffs Larry Nelson and Drew Nelson collectively do business in Georgia as Dynamix Golf.

5.

Defendant TruGolf, Inc. ("TrueGolf") is a business organized under the laws of Utah.  It is subject to personal jurisdiction in Georgia because it does business in Georgia, not only with Plaintiffs but also with several other Georgia businesses.  The contracts that form the basis of the claims asserted in this complaint were executed in Georgia.  Defendant TruGolf also placed its product into the stream of commerce such that it reaches Georgia consumers through both online sales and traditional brick-and-mortar retailers like Plaintiffs.  In short, while the primary citizenship of Defendant TruGolf is Utah, it could "reasonably expect to be haled into court" in Georgia because it has "sufficient minimum contacts" with Georgia

that subjecting it to personal jurisdiction in the state "would not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945).

6.

Fictitious Defendants 1-3 are persons, corporations, or other legal entities whose wrongful conduct caused or contributed to Plaintiffs' injuries.  Their true identities are unknown to Plaintiffs at this time but will be substituted by amendment when ascertained.  Upon information and belief, these Defendants are responsible for mishandling calculations, misusing notices, improper supervision, fraudulently concealing information, misleading Plaintiffs, and other conduct that will support Plaintiffs' claims.

7.

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because complete diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

8.

Venue is proper in the Northern District of Georgia, Atlanta Division pursuant to 28 U.S.C. §§ 90 and 1391.

## Background

9.

Plaintiff Larry Nelson is a three-time Major Champion, a World Golf Hall of Fame Member, and one of the most respected PGA Tour professionals of his era.

10.

At the time of the events discussed in this complaint, Plaintiff Drew Nelson was an accomplished golf instructor who gave on-air lessons on the Golf Channel and had students on the PGA Champions Tour.

11.

At the time of the events discussed in this complaint, Plaintiffs operated a golf simulation retail operation in Marietta, Georgia while doing business as Dynamix Golf.

12.

Defendant TruGolf is a manufacturer and wholesaler of golf simulators and related products and software.

13.

In 2012, Plaintiffs, doing business as Dynamix, began reselling Defendant TruGolf's simulators.

14.

Originally, the parties' agreement was non-exclusive, meaning Defendant TruGolf was free to sell its simulators to other resellers in Georgia.

15.

In mid-2013, Plaintiffs granted Defendant TruGolf the rights to use Larry Nelson's image, likeness, and endorsements on its websites, marketing materials, and advertising.

16.

Mr. Nelson also provided quotes and endorsements during certain events Defendant TruGolf was promoting, including the U.S. Open at Oakmont Country Club, where Mr. Nelson won his U.S. Open title.

17.

In return, Plaintiffs received a discount of 15 percent off the wholesale pricing and were granted a statewide exclusivity agreement with Defendant TruGolf.

18.

Pursuant to this exclusivity agreement, Plaintiffs had the sole right to sell Defendant TruGolf's "Premium" and "Signature" simulator units in Georgia, both directly to consumers and to other retailers.

19.

Plaintiffs also had the right to all leads in Georgia, meaning Defendant TruGolf was required to send Plaintiff all potential sales leads involving Georgia customers.

20.

Defendant TruGolf also agreed to monitor Plaintiffs' exclusive territory to ensure that the exclusivity agreement was not violated.

21.

Since entering into the agreement with Plaintiffs, Defendant TruGolf has breached the agreement numerous times by selling its products directly to consumers in Georgia; by selling its products to other resellers in Georgia; by failing to forward leads to Plaintiffs and instead making the sales itself; by failing to monitor Plaintiffs' exclusive sales territory to ensure that the exclusivity agreement was not violated; and by committing other breaches that will be shown by the evidence at trial.

22.

As a result, Plaintiffs have suffered more than $450,000 in damages.

## COUNT I
### Breach of Contract

23.

Plaintiffs incorporate the allegations contained in Paragraphs 1-22.

24.

Plaintiffs and Defendants had an exclusivity agreement granting exclusive rights to Plaintiffs for the sale of TruGolf products in Georgia, along with all leads, and providing that Defendants would monitor to ensure that exclusivity was protected.

25.

In exchange, the Plaintiffs granted Defendants the right to use the likeness of Plaintiff Larry Nelson as a celebrity endorsement of the TruGolf brand and company.

26.

Defendants breached this agreement by selling TruGolf products directly to consumers in Georgia; by selling TruGolf products to other resellers in Georgia; by failing to forward leads to Plaintiffs and instead making the sales themselves; by failing to monitor Plaintiffs' exclusive sales territory to ensure that the exclusivity agreement was not violated; and by committing other breaches that will be shown by the evidence at trial.

27.

As a result, Plaintiffs have suffered more than $450,000 in damages.

28.

Plaintiffs are entitled to recover the damages directly flowing from Defendants' breach of the agreement.

## COUNT II
### Fraudulent Misrepresentation

29.

Plaintiffs incorporate the allegations contained in Paragraphs 1-22.

30.

Defendants misrepresented to Plaintiffs that they would provide exclusivity for TruGolf sales and would monitor the activities of other TruGolf outlets in Georgia.

31.

These facts were material in that they enticed Plaintiffs into providing the celebrity endorsement of Larry Nelson, a hall-of-fame pro golfer.

32.

The deception of Defendants caused Plaintiffs to work under the false pretenses of an exclusivity agreement when competing firms were actually taking the business away from them.

33.

As a result, Plaintiffs have suffered more than $450,000 in damages.

34.

Plaintiffs are entitled to recover the damages directly flowing from Defendants' fraudulent misrepresentations.

## COUNT III
### Tortious Interference with Business Relations

35.

Plaintiffs incorporate the allegations contained in Paragraphs 1-22.

36.

By failing to forward leads that should have gone to Plaintiffs and opting instead to make the sales themselves, Defendants, improperly and without privilege, and with the intent to injure Plaintiffs and deprive them of sales, caused numerous third parties to fail to enter into anticipated business relationships with Plaintiffs for the sale of TruGolf products.

37.

As a result, Plaintiffs have suffered more than $450,000 in damages.

38.

Plaintiffs are entitled to recover the damages directly flowing from Defendants' tortious interference with their business relations.

## COUNT IV
### Litigation Expenses

39.

Plaintiffs incorporate the allegations contained in Paragraphs 1-38.

40.

Defendant TruGolf has acted in bad faith, has been stubbornly litigious, and has caused Plaintiffs unnecessary trouble in expense, entitling them to recover their litigation expenses, including reasonable attorney's fees, pursuant to O.C.G.A. § 13-6-11.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs **DEMAND A TRIAL BY JURY**, reserve the right to amend this complaint pursuant to Federal Rules of Civil Procedure 15, and respectfully pray:

- That a copy of the Summons and Complaint be served upon each of the Defendants;

- For judgment against each Defendant;

- For an order requiring Defendants to pay to Plaintiffs amounts representing the damages set forth in this complaint, as well as Plaintiffs' costs, expenses, and reasonable attorneys' fees;

- For an order enjoining Defendant TruGolf from collecting any further profits under this scheme until their office can be audited by an independent entity to ensure the mistakes and wrongful conduct is corrected; and

- Grant other such relief as Plaintiffs request or the Court deems proper and just, to include all available punitive and other special damages.

**TRIAL BY JURY DEMANDED**

**<u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1(C)</u>**

I hereby certify pursuant to Rule 5.1 of the Local Rules for the Northern District of Georgia that this document has been prepared in "Times New Roman" font, 14 point, as required by Local Rule 5.1(C).

**THE WERNER LAW FIRM**

_____
MICHAEL L. WERNER
Georgia Bar No. 748321
NOLA D. JACKSON
Georgia Bar No. 387799
TREVOR E. BRICE
Georgia Bar No. 847049
**Attorneys for Plaintiff**

2860 Piedmont Road
Atlanta, GA 30305
404-793-1666
mike@wernerlaw.com
nola@wernerlaw.com
trevor@wernerlaw.com